IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

UNITED STATES OF AMERICA      *
                              *
v.                            *      CR 605-018
                              *
JIMMY ANFIELD                 *

O R D E R

On December 13, 2005, Defendant Jimmy Anfield was sentenced upon his plea of guilty to two separate counts: (1) possession with intent to distribute 5 grams or more of cocaine base (the "drug charge"), and (2) possession of a firearm by a convicted felon (the "gun charge"). Anfield was sentenced to serve 210 months on the drug charge and 120 months on the gun charge, with the sentences to run concurrently. (See Judgment and Conviction Order of Dec. 14, 2005, at 2, doc. 35.) Presently before the Court is Anfield's second motion for reduction of sentence under 18 U.S.C. § 3582(c)(2) based upon Amendment 782 to the United States Sentencing Guidelines. This Court denied his first § 3582(c)(2) motion on September 15, 2015.[1]

---

[1] Anfield filed a motion for leave to file a second § 3582(c)(2) motion on the same day he filed the actual motion. The Court has construed Anfield's second § 3582(c)(2) motion as a motion for reconsideration in that he challenges the Court's denial of his first § 3582(c)(2) motion. Because the Court has read and considered Anfield's filing, his motion for leave (doc. 100) is **DENIED AS MOOT**.

Amendment 782 to the United States Sentencing Guidelines implements a two-level offense level reduction to a majority of the offense levels assigned to the drug quantities set forth in Section 2D1.1 of the Guidelines. U.S.S.G. App. C, amend. 782. Here, Anfield insists that his offense level under the Guidelines was determined based upon the drug charge, i.e., under Section 2D1.1, and thus, his sentence must now be reduced under Amendment 782. Anfield, however, is incorrect. While Anfield's original sentencing guideline range was based upon the drug charge, his current applicable guideline range is actually based upon the gun charge because it produces the highest offense level of the two charges.

By way of further explanation, the Court offers the following procedural history. At the time of sentencing by the Honorable B. Avant Edenfield, Anfield's applicable offense level on the gun charge was 28, but on the drug charge, it was 32,[2] yielding a guideline range of 188-235 months. Anfield was sentenced to 210 months within the higher guideline range.

In 2008, Judge Edenfield determined that Anfield's amended offense level on the drug charge was 30, following Amendment 711 to the Sentencing Guidelines. Thus, the amended applicable guideline range was 151-188 months. Consequently, Judge Edenfield reduced Anfield's sentence to 188 months. (See Order of July 28, 2008, Doc. 61.)

---

[2] This is the offense level on the drug charge after the two-level reduction for acceptance of responsibility.

2

In 2012, Anfield filed another motion to reduce his sentence, this time pursuant to Amendment 750. Judge Edenfield determined that his offense level on the drug charge was 24 (which includes the two-level reduction for acceptance of responsibility). However, the offense level on the gun charge remained 28, which became the higher offense level. Accordingly, at that point, the offense level used to determine Anfield's sentence became 26, i.e., the gun charge after a two-level reduction for acceptance of responsibility was applied. (See Order of Jan. 9, 2012, Doc. 83.) The amended guideline range based upon the gun charge's offense level of 26 became 110 to 137 months. Despite the fact that Anfield's guideline range was lowered, Judge Edenfield considered the factors set forth in 18 U.S.C. § 3553(a) and denied any further reduction to Anfield.[3] (Id.)

In the Order of September 8, 2015, which denied Anfield's § 3582(c)(2) motion pursuant to Amendment 782, the Court explained that "Amendment 782 does not lower Anfield's offense level because the guideline range is now determined" on the gun charge. (Doc. 99.) Indeed, as explained, the gun charge

---

[3] Judge Edenfield concluded: "The defendant enlisted the assistance of his daughter in his drug sales, and his home, upon a search, was found to contain illegal drugs and firearms. The defendant has three prior felony drug convictions, which suggests to the Court that this defendant is unlikely to turn away from criminal behavior in the future. Pursuant to the factors set forth in 18 U.S.C. § 3553(a), the Court finds that the 188-month sentence the defendant is presently serving is the appropriate sentence." (Order of Jan. 9, 2012, Doc. 83, at 1.)

3

became the operative offense for purposes of determining Anfield's guideline range in 2012, when the adjusted total offense level on the gun charge (26) became higher than the offense level for the drug charge (24). Thus, the Court's conclusion in its Order of September 8, 2015 is correct. It matters not whether Amendment 782 lowers Anfield's offense level on the drug charge because the offense level on the gun charge remains the higher, and therefore applicable, offense level.

In sum, Amendment 782 does not change the appropriateness of the 188-month sentence.[4] This Court correctly denied the § 3582(c)(2) motion pursuant to Amendment 782. Accordingly, Anfield's motion for reconsideration (i.e., his second § 3582(c)(2) motion) (doc. 101) is **DENIED.**

**ORDER ENTERED** at Augusta, Georgia, this ___2nd___ day of September, 2016.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[4] Anfield complains that the 188-month sentence exceeds the statutory maximum of 10 years (i.e., 120 months) on the gun charge. Anfield ignores the cumulative effect of sentencing, however. In reality, Anfield's crimes yielded a statutory maximum of 50 years (40 years on the drug charge and 10 years on the gun charge). His sentence of 188 months is well below this statutory maximum and to strip his sentence down to 120 months to reflect only the gun charge would ignore the fact that Anfield was also convicted for dealing drugs.

4